IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |  | |
|---|---|---|---|
| JOHN H. GRACEY, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | NO. CIV-05-0823-HE | |
| | ) | | |
| JO ANNE B. BARNHART, | ) | | |
| Commissioner, Social Security | ) | | |
| Administration, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**ORDER**

Plaintiff John H. Gracey, Jr. brought this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits and disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Shon T. Erwin, who submitted his Report and Recommendation, finding that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence and recommending that the case be reversed and remanded for further administrative proceedings.

The parties, by failing to object to the Report and Recommendation, waived their right to review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). See 28 U.S.C. § 636(b)(1)(C); LCvR72.1(a). For this reason, and for the reasons contained in the Report and Recommendation, the court concludes this case should be reversed and remanded for further

administrative proceedings.

Accordingly, the Report and Recommendation is **ADOPTED**. This case is reversed and remanded for further administrative proceedings consistent with Magistrate Judge Erwin's Report and Recommendation, a copy of which is appended to this order.

**IT IS SO ORDERED.**

Dated this \_\_\_\_ day of August, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN H. GRACEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.   CIV-05-823-H |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff protectively filed his applications for DIB and SSI on August 5, 2002 alleging a disability since June 1, 2002 (TR. 55-57, 402-405). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 37, 38, 406, 410). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on August 12, 2004 (TR. 418-444). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the applications (TR. 421-423, 424-438). A vocational expert (VE) also testified at the request of the ALJ (TR. 423-424, 438-443). The ALJ issued his decision on September 9, 2004 finding that Plaintiff was not entitled to DIB or SSI (TR. 14-21). The Appeals

Council denied the Plaintiff's request for review on May 24, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 6-8).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 20). At step two, the ALJ concluded that Plaintiff had severe impairments due to status post closed head injury, injury to the right shoulder, chronic headaches, and post-traumatic stress disorder (PTSD) (TR. 20). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 20). At the point that step five is reached, a disability preventing prior work activity has been shown and the

In March 2003, Sally Varghese, M.D. (psychiatrist), an agency physician, completed a Mental RFC form in which she concluded that Plaintiff was moderately limited in his ability to understand and remember detailed instructions and in his ability to interact appropriately with the general public (TR. 154-155). By way of explanation, Dr. Varghese stated that Plaintiff "can understand & carry out simple & some more complex instructions under routine supervision" (TR. 156). Dr. Varghese also concluded that Plaintiff's adaptive functions were intact and that he could relate "superficially for work matters" (TR. 156).

Also in March 2003, Dr. Varghese completed a Psychiatric Review Technique form (PRT) in which she concluded that Plaintiff's mental impairment caused her to have moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace (TR. 168).

Beginning in May 2003, Dr. Varghese became one of Plaintiff's treating physicians at the VA clinic (TR. 333). She diagnosed Plaintiff as having PTSD and depression (TR. 327, 333, 352, 380, 395). She reported that Plaintiff's affect was restricted, blunted, or depressed; that Plaintiff was nervous, anxious or agitated; and that his concentration and memory were impaired (TR. 327, 333, 335, 352, 395, 380).

In August 2004, Dr. Varghese completed a Mental Medical Source Statement in which she concluded that Plaintiff was moderately limited in his ability to: understand and remember detailed instructions as well as very short and simple instructions; maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and to accept instructions and respond appropriately to criticism from supervisors (TR. 388-389). In support of her findings Dr. Varghese stated that Plaintiff

4

> Has problems with trusting people. He avoids people, stays isolated. Has trouble with poor memory. He is usually very anxious and agitated. He will have trouble with psychologically based symptoms and will not be able to perform consistently on a job.

(TR. 400).

At the hearing, Plaintiff testified that he experienced symptoms of PTSD which included depression, anger, stress and isolation (TR. 429-430). He also testified that he had problems being in groups of people or in crowds; and that he had flashbacks and problems with nightmares (TR. 430). Plaintiff further testified that he receives psychotherapy once a week for one hour; that he sees his psychiatrist every three months; and that he has problems with his short term memory and racing thoughts (TR. 435)

## I.

Plaintiff argues that the ALJ failed to discuss the weight, if any, given to the medical opinions of Plaintiff's treating physician, Dr. Varghese (See Plaintiff's Brief at pages 8-11). Specifically, Plaintiff argues that the ALJ failed to discuss the weight given to Dr. Varghese's opinions that Plaintiff was moderately limited in his ability to carry out simple instructions; that Plaintiff was moderately limited is his ability to complete a normal work day or work week without interruption from psychologically based symptoms; and that Plaintiff would "not be able to perform consistently on a job" (TR. 399, 400).

As to Dr. Varghese's opinion that Plaintiff would "not be able to perform consistently on a job" the ALJ declined to give it controlling weight saying that there was "no basis in the record, including Dr. Varghese's own findings, to support her conclusion that the claimant would not be able to perform [sic] constantly on a job" (TR. 18). The ALJ declined to give this opinion controlling weight because it was not well-supported by medically acceptable clinical and laboratory diagnostic techniques (TR.18). SSR 96-2p; *see also* 20 C.F.R. §404.1527(d)(2); *Watkins v. Barnhart* 350 F.3d 1297, 1300 (10th Cir. 2003). Thus, it appears that the ALJ properly considered this opinion of Dr. Varghese.

5

Despite denying controlling weight to one of Dr. Varghese's opinions, the ALJ appears to have adopted the opinion of Dr. Varghese that Plaintiff was moderately limited in his ability to carry out simple instructions; and appears to have rejected, without explanation, her opinion that Plaintiff was moderately limited is his ability to complete a normal work day or work week without interruption from psychologically based symptoms (TR. 18, 17).

A treating physician's opinion is entitled to great weight. *Williams v. Bowen*, 844 F.2d 748, 757-58 (10th Cir. 1988) (more weight will be given to evidence from a treating physician than to evidence from a consulting physician appointed by the Secretary or a physician who merely reviews medical records without examining the claimant); *Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir. 1985). However, a treating physician's opinion may be rejected "if it is brief, conclusory, and unsupported by medical evidence." *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). The ALJ's failure to discuss why he rejected the opinion of Dr. Varghese that Plaintiff was moderately limited is his ability to complete a normal work day or work week without interruption from psychologically based symptoms violates the standards established by *Byron* and its progeny.

Thus, remand is appropriate since the ALJ disregarded the opinion of Plaintiff's treating physician, without offering specific, legitimate reasons for doing so.

## II. & III.

The Secretary's error in evaluating the opinion of Plaintiff's treating physician serves to taint the RFC determination and the balance of the sequential evaluation process. Therefore, Plaintiff's remaining assertions of error will not be considered in detail.

On remand, the Secretary should re-examine the opinions of Plaintiff's treating physician, Dr. Varghese; make certain that any hypothetical presented to the VE precisely reflects Plaintiff's RFC as the ALJ finds it to be; and give appropriate consideration to and include in the record

Plaintiff's VA adjudication records which, although not binding on the Commissioner, are "entitled to weight and must be considered." *Hamlin v. Barnhart* 365 F.3d 1208, 1219 (10th Cir. 2004)*Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is **not** supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 17th day of July, 2006.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

7